Rahman v. Lynch

BIA
Abrams, IJ
A200 026 259

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
>  *Circuit Judges.*

_____

SUZON RAHMAN,
>  *Petitioner,*

> v.

> 13-4583
> NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:   Salim Sheikh, New York, New York.

FOR RESPONDENT:   Joyce R. Branda, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Richard

Zanfardino, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Suzon Rahman, a native and citizen of Bangladesh, seeks review of a November 4, 2013, decision of the BIA affirming the November 18, 2011, decision of an Immigration Judge ("IJ") denying Rahman's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Suzon Rahman*, No. A200 026 259 (B.I.A. Nov. 4, 2013), *aff'g* No. A200 026 259 (Immig. Ct. N.Y. City Nov. 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications, like Rahman's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the IJ's finding that Rahman was not credible.

Here, the IJ found that Rahman testified as though he memorized the personal statement he filed with his application, but gave problematic testimony when answering questions that deviated from the contents of that statement. The record supports the IJ's observations. A fact-finder who assesses testimony together with witness demeanor is in the best position to discern "whether a witness who hesitated in a response was

3

nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script.'" *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Accordingly, we defer to the agency's demeanor finding.

This demeanor finding is bolstered by a number of inconsistencies, which substantiate the IJ's finding that Rahman had difficulty testifying about matters outside his personal statement. *Id.* ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). The IJ properly relied on several inconsistencies between Rahman's testimony and that of his U.S.-citizen uncle, Mohammad Minule Islam. Rahman testified that Islam was his maternal uncle, but Islam testified that he was Rahman's paternal uncle. To explain this, Rahman argues before this Court that the IJ confused the Bengali word "mama," meaning maternal uncle, with "kaka," meaning paternal uncle, but the translator specified that Rahman began saying "kaka" only after he was confronted about the discrepancy. In addition, Rahman testified that Islam's father's name was

4

Mohammad Galil, but Islam testified that his father's name was Shariful Islam. The IJ was not required to credit Rahman's explanation, that "Galil" was a nickname, because Islam had never heard of that name. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (explaining that agency need not credit explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Additionally, Islam testified that he returned to Bangladesh in early 2004 when his father died. But Rahman testified that Islam's father passed away "a long time back" when he was "very young." In 2004, Rahman would have been 19 or 20 years old. The agency was not required to accept Rahman's explanation that he misunderstood. *Majidi*, 430 F.3d at 80-81.

The IJ's adverse credibility determination is further supported by inconsistencies between Rahman's statements and a doctor's report he submitted to substantiate injuries he allegedly sustained during a kidnapping. Rahman's personal statement reflected that his left hand was smashed and "blood gushed" from it, but the doctor's report did not mention any hand injury. Moreover, the IJ observed Rahman pointing to a scar in the middle of his forehead, but the doctor's report

5

indicates that Rahman suffered injuries on both sides of his forehead.  As we have recognized, the IJ is in the best position to observe the witness and evaluate credibility.  *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).  The record also supports the IJ's finding of a minor inconsistency regarding Rahman's passport; Rahman testified first that the smuggler confiscated the passport, but later testified that he lost it.

The IJ also reasonably relied on Rahman's failure to provide corroborating evidence.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (finding that applicant's failure to corroborate testimony may bear on credibility).  Contrary to Rahman's argument, the IJ did not ignore any evidence; rather, the IJ gave it diminished weight. The IJ's decision to give diminished weight to a letter from Rahman's father and statements from Jatiya Party members was reasonable because neither direct testimony nor sworn statements were before the IJ, and in general, the weight to afford evidence is within the agency's discretion.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010),

6

*rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). The IJ also reasonably gave diminished weight to a psychologist's report because it largely reiterated Rahman's account of past persecution. *See Xiao Ji Chen*, 471 F.3d at 342.

Given the agency's findings regarding demeanor, inconsistencies, and lack of corroboration, the "totality of circumstances" supports the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. Rahman's argument, that the IJ erred by relying on inconsistencies immaterial to his claim, is misguided because the REAL ID Act allows the agency to base a credibility finding on any inconsistency, without regard to whether it goes "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). As all of Rahman's claims share the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

7

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk